**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1562
_____

JOHN W. WILLIAMS,
                                        Appellant

v.

JOHN WETZEL; BARRY SMITH; REBECCA REIFER; M. STRAW; R. WESTOVER;
S. HNATKOVICH; PERSONS UNIDENTIFIED; TOM WOLF; GEORGE LITTLE,
SECRETARY OF CORRECTIONS; TIMOTHY A. HOLMES, CHIEF COUNSEL;
DEBRA SUE RAND, ASSISTANT COUNSEL, PENNSYLVANIADEPARTMENT OF
CORRECTIONS; BARRY SMITH, SUPERINTENDENT; BRODIE URBAN, STAFF
LAW LIBRARIAN; ROBERT PARKS, STAFF LAW LIBRARIAN; T. LITTLE, F-
BLOCK UNIT MANAGER; CORRECTIONAL OFFICER STEWART;
CORRECTIONAL OFFICER RIEG; CORRECTIONAL OFFICER ISENBURG;
CORRECTIONAL OFFICER SMITH; F. NUNEZ, DISCIPLINARY HEARING
EXAMINER; TERRI SECHRENGOST, HEALTHCARE SERVICE
ADMINISTRATOR, SCI HOUTZDALE; THOMAS PLACEY, COMMON PLEAS
JUDGE; EDWARD E. GUIDO, PRESIDENT JUDGE; RHONDA J. SMITH, COURT
REPORTER; DENIS LEBO, CLERK OF THE COURT; MERLE L. EBERT, CLERK
OF THE COURT; KIMBERLY A. METZGER, ASSISTANT DISSTRICT
ATTORNEY,CUMBERLAND COUNTY COURTHOUSE; SUPERIOR COURT OF
PENNSYLVANIA, (MIDDLE DISTRICT); B. CIVIELLO, F-BLOCK PSYCHOLOGY
COUNSELOR; MICHELE A. ELINE, COURT REPORTER

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3:20-cv-00061)
District Judge: Honorable Stephanie L. Haines
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on July 13, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: July 24, 2023)

_____

OPINION[*]
_____

**PER CURIAM**

Pro se appellant John W. Williams, proceeding in forma pauperis, appeals from the District Court's judgment in favor of the Defendants in this 42 U.S.C. § 1983 action. Since Williams does not present a substantial question, we will summarily affirm.

I.

Williams alleges violations of his constitutional rights arising from prison policies related to prison law library access and the costs of printing and mailing legal documents. A subset of the 28 named Defendants (herein the "Commonwealth Defendants")[1] filed a motion to dismiss for failure to state a claim that was converted into a motion for summary judgment on the issue of exhaustion of available administrative remedies. A Magistrate Judge issued a show cause order indicating that the amended complaint would be dismissed

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] These Defendants are: Tom Wolf, John Wetzel, George Little, Timothy Holmes, Debra Rand, Barry Smith, Rebecca Reifer, Melissa Straw, Susan Hnatkovich, Robert Westover, Brodie Urban, Robert Parks, T. Little, Brooke Civiello, CO Stewart, CO Rieg, CO Isenburg, CO Smith, Freddy Nunez, and Terri Sechrengost. The Defendants not part of this group are: Thomas Placey, Edward Guido, Rhonda Smith, Michele Eline, Denis Lebo, Merle Ebert, Kimberly Metzger, and Superior Court of Pennsylvania (Middle District).

2

without prejudice as to the other Defendants due to Williams' failure to provide the necessary service documents, unless Williams could show good cause for the District Court to refrain from taking such action. The Magistrate Judge gave Williams until January 9, 2023, to respond to the show cause order. Williams filed a request to extend the time to respond—which the Magistrate Judge granted, extending his deadline to January 25, 2023—but failed to respond to the show cause order.

The Magistrate Judge issued a report recommending that the District Court grant the Commonwealth Defendants' motion for summary judgment. The Magistrate Judge also recommended dismissing all claims against the other Defendants for failure to serve. Williams filed his objections to the Magistrate Judge's report. The District Court overruled those objections and agreed with the Magistrate Judge's recommendations. It granted the Commonwealth Defendants' motion for summary judgment and dismissed all claims against the other Defendants. The District Court also decided, in line with another of the Magistrate Judge's recommendations, that granting Williams leave to file a second amended complaint would be futile, given his failure to properly exhaust his administrative remedies. This appeal followed. Williams filed both his argument in support of appeal and a motion for enlargement of page limitation for his argument in support of appeal.[2] The matter is now ready for review.

II.

---

[2] We grant the motion.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review under § 1915(e)(B)(ii) with respect to the grant of summary judgment. See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 415 (3d Cir. 2011); see also Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).

We must dismiss this appeal if we conclude that it is frivolous. See 28 U.S.C. § 1915(e)(B)(i). We may summarily affirm the District Court's order if we conclude that Williams has not presented a substantial question or that subsequent precedent or a change in circumstances warrants such action. See 3d Cir. LAR 27. 4 and IOP 10.6.

The Prison Litigation Reform Act ("PLRA") states that a prisoner cannot bring an action under § 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This mandatory exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prison's grievance policy "define[s] the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). A failure to exhaust available administrative remedies is an affirmative defense. Id., at 216. A failure to comply with this exhaustion requirement results in the procedural default of the prisoner's claim. Woodford v. Ngo, 548 U.S. 81, 92-93 (2006). "But once the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." Rinaldi v. United States, 904 F.3d 257, 268 (3d Cir. 2018).

III.

4

As a threshold matter, Federal Rule of Civil Procedure 4(m) requires dismissal without prejudice of an action if a defendant is not served within 90 days of the complaint. Since Williams failed to provide the necessary service documents, the District Court properly dismissed the complaint as to the non-Commonwealth Defendants.

Turning to the Commonwealth Defendants, the case revolves around Williams' failure to exhaust his available administrative remedies. Exhaustion in this case requires following the policy of the State Correctional Institution ("SCI") at Houtzdale, where Williams is incarcerated. The Magistrate Judge explained in detail how Williams fell short in this matter, the District Court agreed with this explanation, and so do we.

Williams failed to follow the three-step process for advancing a grievance through the prison's administrative system, and several of his claims are not present in the two grievances that he did file. Since Williams failed to follow the proper procedures for filing a grievance, he failed to properly exhaust his administrative remedies, and therefore his claims are procedurally barred. We agree with the District Court that Williams failed to provide a persuasive reason to excuse this procedural bar. Finally, Williams' failure to exhaust also renders futile an allowance to file a second amended complaint.

Williams' objections to the Magistrate Judge's report do not change these fundamental facts. The same is true for the arguments presented by Williams on appeal. His case is clearly one related to the conditions of his confinement, and his attempt to brand it otherwise does not negate this fact.

In sum, we agree with the determinations and decisions of the Magistrate Judge and District Court. Since Williams has not presented a substantial question, we will summarily affirm the judgment of the District Court.